The Judges,
after considering this case, were unanimous in opinion, that there should be no new trial.
The opinion of the court was delivered by
Mr. Justice Johnson,
to the following effect:
That upon the first ground taken, that of misdirection, it did not appear to this court there had been any on the part of the presiding judge, in charging the jury on the trial in the district court. All the writers on the law of insurance agree in opinion, that if a decree of a foreign court of admiralty condemn a ship or cargo as lawful prize, or as the property of an enemy, generally, without assigning any rea-, sons, the law of nations will presume they have gone upon just and proper grounds, and it is conclusive and binding on all the world, and never after can be called in question by any of the parties interested. They are bound by it.-
As to the evidence of the protest made by the master and mariners, to shew the necessity of bearing away for Antigua, which is assigned as a justification for the deviation in this case, it has always been allowed in our courts, as proper testimony of any matter or thing happening on the high seas, to go to a jury ; or as proof of the-loss of ship or cargo ; and indeed it would be of infinite loss to individuals, as well as productive of much injury to commerce, if it were otherwise. The reasons given by the judge, in his charge to the jury, are strong and conclusive in point, and perfectly consonant to the lav/ and practice of this country. And although there is a dictum of Lord Chief Justice De Grey’s, in 1 Esp. 143, 144 which seems to doubt on this point, on a loss happening in a port or place where other witnesses could prove the loss as well as the master and mariners ; yet it does not seem to militate against the great principle, as to accidents and disasters at sea, where none can witness them but those on board.
Park) 3481 Marshall^ 279, 2S0
With respect to the new grounds taken on this argument, which were not pressed on the trial, the first was the not keeping company with the convoy. In all cases of this kind, where ships are warranted to sail and keep company with convoy, it is always understood to be wheré it is practicable to keep company With the convoy ; but storms and tempests are exceptions Out of this rule, founded in nature, against which no contract, either express or implied, can protect a man. This storm happened at sea, and compelled the captain to bear away for Antigua, from necessity ; there is no doubt, therefore, but a deviation under such circumstances was excusable. The last additional ground was the non-production of papers ; and here it appeared to the court, that the plaintiff had produced all he was bound to produce bn the trial, in order to entitle him to a recovery; for he had produced the protest of the master and mariners to prove the capture, after he had been compelled by stress of weather to bear away; and the condemnation in the vice-admiralty court after the capture, which, in strictness of law, was perhaps more than he was bound to do. For it is well known, and has beeti often determined, (and very frequently in this court,) that the insured had a right to abandon on the capture ; and the interference afterwards of the captain or master is considered as a benefit intended to the insurers. He is then considered as their agent, and even barratry or misconduct afterwards is chargeable on the underwriters, withifet the true intent and meaning of the policy.
Rule for new trial discharged.
Present, Bav, Johnson and Tsezetan^